# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD FELDBAUER, | )<br>) CIVIL ACTION NO.:  1:21-cv-253 |
| Plaintiff, | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| HPC OF PENNSYLVANIA, INC. d/b/a THE RIDGWAY RECORD | )<br>) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Ronald Feldbauer, a resident of Elk County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, HPC of Pennsylvania, Inc., d/b/a The Ridgway Record, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Plaintiff's disabilities, in violation of the laws and statutes of the United States of America, specifically, the Americans With Disabilities Act of 1990 (the "ADA"), as amended by the ADA Amendments Act of 2008 (the "ADAAA"), 42 U.S.C. § 12101, *et seq.*, as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §941, *et seq.* (the "PHRA").

2. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331 and 1343. This Court also has pendant jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, specifically in Elk County, Pennsylvania.

4. Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

5. Plaintiff Ronald Feldbauer ("Mr. Feldbauer") is a resident of Elk County, Pennsylvania.

6. At all times relevant to this Complaint, Mr. Feldbauer was an individual with a "disability" as that term is defined under 42 U.S.C. § 12102(a) of the ADA.

7. Defendant, HPC of Pennsylvania, Inc., ("HPC") is an Illinois corporation specializing in newspaper, periodical, book, and directory publishing.

8. At all times relevant and material hereto, HPC printed and published The Ridgway Record, a daily newspaper which primarily serves the Elk County, Pennsylvania population. HPC maintained an operations facility for The Ridgway Record at 325 Main Street, Ridgway, Elk County, Pennsylvania.

9. At all times relevant and material hereto, HPC employed in excess of fifteen (15) individuals.

## ADMINISTRATIVE PROCEEDINGS

10. Mr. Feldbauer filed a Charge alleging disability discrimination, failure to accommodate, hostile work environment, and retaliation with the Pennsylvania Human Relations Commission on or about October 12, 2017, with instructions to cross file with the Equal Employment Opportunity Commission. The PHRC complaint was docketed as Case No. 201701761; the EEOC complaint was docketed as Case No. 17F-2019-60531.

11. Mr. Feldbauer received a Right to Sue letter from the EEOC dated June 14, 2021 and satisfied all administrative requirements prior to filing of this Complaint.

## STATEMENT OF FACTS

12. Mr. Feldbauer was employed by HPC, at its aforementioned Elk County place of business, for over one year until he was terminated on or about October 27, 2017.

13. Prior to his employment with HPC, Mr. Feldbauer was diagnosed with attention deficit hyperactivity disorder ("ADHD") and Bipolar Disorder.

14. Mr. Feldbauer's mental impairments cause him difficulties with his short-term memory as well as with learning, concentrating, thinking, and communicating. Mr. Feldbauer takes daily medication to treat the symptoms of his mental impairments.

15. On or about October 10, 2016, HPC hired Mr. Feldbauer as a Laborer.

16. At all times relevant to this Complaint, Mr. Feldbauer was able to perform the essential functions of his position as a Laborer with or without a reasonable accommodation.

17. HPC was made aware of Mr. Feldbauer's impairments when Mr. Feldbauer disclosed, on or about May 17, 2017, to Lead Pressman, Chuck West, that he struggles with the mental disabilities ADHD and Bipolar Disorder. Mr. West functioned as Mr. Feldbauer's direct supervisor.

18. Following this disclosure, Mr. West began to regularly harass Mr. Feldbauer based on his disabilities.

19. Mr. West regularly called Mr. Feldbauer "stupid" in front of Mr. Feldbauer's coworkers.

20. In or around June 2017, Mr. Feldbauer confided in Mr. West that he was recently prescribed a new medication to treat his mental disabilities and that he may experience side effects over the coming weeks.

21. Following this discussion, Mr. West regularly taunted Mr. Feldbauer about his use of this medication. Particularly, Mr. West would tell coworkers that Mr. Feldbauer "did not take his meds today."

22. Mr. West would regularly ask Mr. Feldbauer "why are you like that," following a period in which Mr. Feldbauer exhibited symptoms of his disabilities.

23. Mr. Feldbauer worked a similar schedule to Laborer Justin Pretak, who had no known mental disabilities.

24. Mr. West consistently ridiculed Mr. Feldbauer for alleged mistakes that were also made by Mr. Pretak; Mr. West did not ridicule or even correct Mr. Pretak for making the same mistakes as Mr. Feldbauer.

25. In or around late September 2017, Mr. Feldbauer made a good-faith complaint of the above-detailed harassment to HPC's Publisher, Christine Gardner. Ms. Gardner acted in a supervisory position over Mr. West.

26. Ms. Gardner never follow up with Mr. Feldbauer regarding this Complaint.

27. Following this complaint, Mr. West continued to harass Mr. Feldbauer.

28. HPC continuously refused to intervene into the targeted harassment Mr. Feldbauer suffered due to his disabilities on a daily basis during his tenure at HPC.

29. Instead of addressing Mr. Feldbauer's complaint of harassment, Mr. Feldbauer terminated Mr. Feldbauer out of retaliation for making such complaint.

30. On October 25, 2017, Mr. Feldbauer called Mr. West and informed him that he was unable to make it to work both on October 25, 2017 and on the following day, October 26, 2017, due to a family emergency.

31. On October 27, 2017, Mr. Feldbauer was terminated, allegedly for missing work as a no-call no-show the two preceding days. Mr. Feldbauer called Mr. West on October 25, 2017, and informed him that he would be missing work for two days due to a family emergency.

32. Upon information and belief, HPC employee Justin Pretak, no know disability, missed several days of work without providing notice to HPC and maintained his employment with HPC.

33. It follows that HPC's failure to provide a work environment free of harassment based upon Mr. Feldbauer's disabilities, and his subsequent termination for reporting this harassment, violated Mr. Feldbauer's rights under the ADA.

## COUNT I

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### HOSTILE WORK ENVIRONMENT

34. All prior paragraphs are incorporated herein as if set forth fully below.

35. HPC created, permitted, tolerated, encouraged and fostered a hostile, intimidating, demeaning and degrading environment at its warehouse where Mr. Feldbauer worked; such hostile environment was ongoing and pervasive following Mr. Feldbauer's disclosure of his mental disabilities.

36. Mr. Feldbauer is a qualified individual within the protected class designated by the ADA.

37. Mr. Feldbauer is a qualified individual with disabilities.

38. Mr. Feldbauer was subjected to severe, pervasive verbal harassment by his coworkers at HPC because of his disabilities.

39. This harassment was not welcomed by Mr. Feldbauer.

40. Management level employees knew of the harassment Mr. Feldbauer faced because he made a good-faith complaint to a management-level employee regarding the harassment.

41. The harassment was based upon Mr. Feldbauer's disabilities.

42. Specifically, NDC employees referred to Mr. Feldbauer as "stupid" and accused him of not taking his medication, which he takes as a result of his mental impairments.

43. The harassment was so severe and pervasive that a reasonable person would view such a workplace environment as hostile.

44. Mr. Feldbauer believed his work environment to be hostile as a result of the above-outlined harassment he faced.

45. As a consequence of the hostile environment supported and encouraged by HPC's actions and failures to act, Mr. Feldbauer was subjected to emotional distress, a loss of self-respect and confidence, humiliation, ridicule and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

46. The actions of HPC set forth above constitute violations of the ADA.

WHEREFORE, Plaintiff Ronald Feldbauer seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### DISPARATE TREATMENT

47. All prior paragraphs are incorporated herein as if set forth fully below.

48. Mr. Feldbauer's employment with HPC was terminated under the pretext of alleged attendance issues, while similarly situated, non-disabled HPC employees maintained employment with HPC while exhibiting the same or similar attendance patterns as Mr. Feldbauer.

49. As a consequence of HPC's wrongful termination, Mr. Feldbauer was subjected to emotional distress, a loss of self-respect and confidence, humiliation, and ridicule, all of which manifested itself in mental and physical distress, injury and damage.

50. The actions of HPC set forth above constitute violations of the ADA.

WHEREFORE, Plaintiff Ronald Feldbauer seeks the damages set forth in the Ad Damnum clause of the instant Complaint, *infra*.

## COUNT III

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT RETALIATION

51. All prior paragraphs are incorporated herein as if set forth fully below.

52. Mr. Feldbauer made a good-faith complaint to HPC's publisher, Christine, that he was being harassed by his supervisor during his employment with HPC and that the basis of much of the harassment was his actual and perceived disabilities.

53. After reporting the harassment, HPC retaliated against Mr. Feldbauer by taking adverse employment action against him, as discussed previously, by terminating his employment in violation of the ADA.

54. As a result of HPC's retaliation, Mr. Feldbauer suffered economic loss, including loss of earning, emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

55. The actions of HPC set forth above constitute violations of the ADA.

WHEREFORE, Plaintiff Ronald Feldbauer seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT IV

### VIOLATIONS OF THE PHRA
### HOSTILE WORK ENVIRONMENT, DISPARATE TREATMENT, AND RETALIATION

56. All prior paragraphs are incorporated herein as if set forth fully below.

57. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count IV arise out of the same facts, events, and circumstances as Counts I, II and III, and therefore judicial economy and fairness to the parties dictate that this Count IV be brought in the same Complaint.

58. By engaging in the creation and fostering of a hostile work environment, and by retaliating against Mr. Feldbauer, and terminating Mr. Feldbauer because of his disabilities, HPC violated the provisions of Title 43 P.S. §955 which prohibits harassment based upon disability as well as retaliation in response to a good faith report of harassment.

59. As previously stated in Counts I, II and III, HPC discriminated against Mr. Feldbauer on the basis of his disabilities, in violation of the PHRA.

60. HPC's discrimination toward Mr. Feldbauer arising from his disabilities constitutes violations of the PHRA.

61. As more fully set forth in Counts I, II and III, Mr. Feldbauer has suffered – directly and solely as a result of HPC's actions – great pecuniary loss, damage and harm.

WHEREFORE, Plaintiff Ronald Feldbauer seeks the damages set forth in the Ad Damnum clause of the instant Complaint, *infra*.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ronald Feldbauer, prays that this Honorable Court enter judgement in his favor against Defendant, HPC of Pennsylvania, d/b/a as The Ridgway Record, and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from allowing discrimination, harassment, and/or retaliation against Plaintiff on the basis of his disabilities, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating, harassing and/or retaliating against employees based on their disabilities, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as provided for under the ADA;

f.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i.  Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

**DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Date: September 10, 2021

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Michael J. Bradley*
Michael J. Bradley, Esquire
PA I.D. #: 329880
mbradley@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
PA Bar I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

COUNSEL FOR PLAINTIFF